72459. TOLBERT v. TANNER et al.
(349 SE2d 463)

SOGNIER, Judge.

Linda Tolbert brought suit against numerous defendants for injuries she incurred as the result of a physical assault by Anthony Brown, a convicted criminal. Summary judgment was granted to cer-

tain defendants and affirmed by this court in *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (316 SE2d 11) (1984). Tolbert now appeals from the grant of summary judgment to Joe Tanner, Leon Kirkland, Bobby Howard, Butch Hutchison, Arthur Ruger and Willie Hewitt, employees of the Georgia Department of Natural Resources (DNR).

Anthony Brown was an inmate trusty assigned by the Georgia Department of Corrections (formerly Department of Offender Rehabilitation) (DOC) to work at DNR's Waycross Law Enforcement Office (Waycross office). DNR agreed to accept Brown on the basis that he had been classified as a trusty by DOC. Trusty status, which is a security classification for inmates, is defined by Rules of Board of Corrections Rule 125-3-1-.02 (5) (e) (former Rule 415-3-1-.02 (5) (e), formerly Rule 125-2-4-.02 (4) (e)) as follows: "An inmate assigned to this category must have proven himself . . . clearly trustworthy, having no adjustment problems; be fully cooperative, and have no current alcohol or drug addiction problems. Such inmates require occasional checks by correctional officers both inside and outside the security boundaries of the institution. . . ." Brown was checked regularly on at least an hourly basis by DNR employees at the Waycross office. Although he received some specific work assignments from DNR employees, Brown's general duties involved janitorial tasks. Brown was given discretion to determine what needed to be done to keep the office clean and, in order to perform his duties, he had access to the entire compound of the Waycross office.

Appellant was accosted by Brown as she exited a restaurant located near the Waycross office. Brown had departed the Waycross office without authorization moments after he had been checked by a DNR employee. Brown took with him a pistol that had been left in an unlocked drawer in an office to which Brown had authorized access. Brown used this pistol to force appellant into her vehicle, drove her into a wooded area behind the restaurant parking lot then robbed and raped her.

1. Initially, we affirm the trial court's grant of summary judgment as to appellee Hewitt. It is undisputed that Hewitt, stationed in DNR's Bowens Mill, Georgia, office, had no work responsibilities originating in the Waycross office, was not supervised by anyone in the Waycross office, and received no work assignments from that office. The facts are uncontroverted that Hewitt's presence on the premises of the Waycross office on the day of the incident complained of was mere fortuity and that his sole contact with Brown consisted of Brown helping Hewitt park a truck in the parking lot at the Waycross office. No questions of fact appear in the record to indicate that he could have been negligent in any of the respects alleged by appellee. Thus, summary judgment as to this appellee was appropriate. OCGA § 9-11-56 (c). See generally *Houser v. Tilden Fin. Corp.*, 166 Ga. App.

710, 711 (305 SE2d 440) (1983).

2. Appellant contends that questions of fact exist whether the remaining appellees acted negligently by approving the hiring of Brown and by failing to properly supervise Brown. Appellant also alleges that appellees acted negligently in failing to exercise due care for her safety by leaving a dangerous weapon, easily accessible to Brown, in an unlocked drawer in the Waycross office. "To state a cause of action for negligence in Georgia, the following elements are essential: '(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' [Cit.]" *Bradley Center v. Wessner*, 250 Ga. 199, 200 (296 SE2d 693) (1982). Appellees owed a duty to appellant not to subject her to an unreasonable risk of harm. Id. at 201. See also *Sutter v. Hutchings*, 254 Ga. 194, 197 (1) (327 SE2d 716) (1985). In order to recover against appellees, appellant was required to show that appellees failed "to do something which a reasonable man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do; that is, [that appellees failed] to do an act which ought to be done, or . . . to perform properly what [appellees undertook] to perform. [Cits.]" *Johnson v. Landing*, 157 Ga. App. 313, 315-316 (1) (277 SE2d 307) (1981).

(a) We find no error in the trial court's grant of appellees' motion for summary judgment as to appellant's allegations that appellees acted negligently by hiring and/or supervising Brown. The evidence reveals that Howard, captain of the Game and Fish Division of DNR, accepted DOC's offer that an inmate trusty be placed in the Waycross office to perform public services. It is uncontroverted that none of the appellees selected Brown as the specific inmate trusty to work in the Waycross office, but instead, relied on DOC's selection of Brown. Thus, no questions of fact exist as to appellees' alleged negligence in "hiring" Brown. See generally *Parson v. Central of Ga. R. Co.*, 129 Ga. App. 218, 219 (1) (2) (199 SE2d 396) (1973); *Ferrell v. Haas*, 136 Ga. App. 274, 278 (220 SE2d 771) (1975). Next, appellees accepted Brown pursuant to DOC Rule 125-3-1-.02 (5) (e) which did not require constant supervision, but recommended only "occasional checks" of inmate trusties. It is uncontroverted that Brown was checked on at least an hourly basis and frequently more often than that. Brown's testimony reveals that he deliberately waited until after he had been checked by a DNR employee before departing the Waycross office without authorization and assaulting appellant. Thus, there is no evidence that any of appellees failed to act as a reasonable man would in order not to subject appellant to an unreasonable risk

of harm by their supervision of Brown. See *Johnson,* supra. Therefore, appellees have negated that essential element required in order for appellant to prevail on this issue, and the trial court did not err by granting summary judgment in favor of appellees on appellant's claim of negligent supervision. See generally *Smith v. Federated Dept. Stores,* 165 Ga. App. 459, 460-461 (301 SE2d 652) (1983).

(b) We agree with appellant that questions of fact exist whether appellees acted negligently by failing to exercise due care for appellant's safety by allowing a gun to remain in the Waycross office in a place where it was accessible to Brown. It is uncontroverted that Brown obtained the pistol he used to perpetrate the robbery and rape of appellant from appellee Howard's unlocked drawer in the Waycross office and that Brown was fully authorized to enter that office. Howard and both Hutchison and Ruger, conservation officers assigned to the Waycross office, admitted in their affidavits that they were aware of the presence of the gun in that drawer. Thus, these appellees have failed to rebut appellant's allegations as to their negligence in this regard. In their affidavits, Tanner, commissioner of DNR responsible for the entire department, and Kirkland, director of the Georgia Game and Fish Division of DNR responsible for the entire division, totally failed to rebut appellant's allegations regarding appellees' negligence in allowing a gun to remain in the Waycross office in a place where it was accessible to Brown. While at trial the burden of proof as to each element of negligence would be upon appellant as plaintiff, on summary judgment the burden was upon appellees as movants to negate at least one of the elements. See generally *Begin v. Ga. Championship Wrestling,* 172 Ga. App. 293, 295-296 (322 SE2d 737) (1984). Since appellees' evidence failed to conclusively refute appellant's allegations of appellees' negligence in allowing the gun to remain in a place accessible to Brown, appellees' motion for summary judgment should have been denied. See generally *Vizzini v. Blonder,* 165 Ga. App. 840 (303 SE2d 38) (1983).

Appellees argue that summary judgment in their favor was authorized because the intervening criminal action of Brown was unforeseeable as a matter of law and thus cannot give rise to liability on the part of appellees. However, *Henderson v. Dade Coal Co.,* 100 Ga. 568 (28 SE 251) (1897) and *Collie v. Hutson,* 175 Ga. App. 672 (2) (334 SE2d 13) (1985), cited by appellees in support of this argument, hold only that where the intervening criminal actions of third parties are unforeseeable, they will not give rise to liability. See *Henderson* at 570, *Collie* at 673. See also *Bradley,* supra at 202. This rule is not applicable where the defendant has reasonable grounds for apprehending that such a criminal act will be committed. See *Warner v. Arnold,* 133 Ga. App. 174, 177 (210 SE2d 350) (1974). See also *Bradley,* supra. Appellees' argument that the pistol was unloaded, and

therefore "harmless," does not detract from the foreseeability of Brown's assault upon appellant since appellant could not have known whether Brown's pistol was loaded. Appellees' further argument regarding Brown's lack of authority to open desk drawers or files in the Waycross office does not dispose of the issue of negligence but rather raises questions of fact whether appellees, who knew Brown had authority to be in the office where the pistol was located, acted negligently by failing to prevent Brown's access to the pistol.

"Questions of negligence . . . are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a jury. [Cits.]" *Brooks v. Douglas*, 154 Ga. App. 54, 58 (267 SE2d 495) (1980). We find that under the facts of this case, a jury could reasonably conclude that Brown's criminal action was foreseeable and that appellees were negligent by knowingly allowing a gun to be kept in an unlocked drawer in an area where Brown, a convicted criminal, was authorized to be in the performance of his duties. The trial court, therefore, erred by granting summary judgment in favor of these appellees. See *Warner*, supra. We note parenthetically that the tragic events of this case illustrate the need for the promulgation of regulations clearly defining the responsibilities of agencies which use prisoner trusties in public services so that the general public will be protected from harm which may result from the unregulated use of criminals in or near areas open to the public. In summary, we affirm the trial court's grant of summary judgment to appellee Hewitt. We affirm the trial court's grant of summary judgment to appellees Tanner, Kirkland, Howard, Hutchison and Ruger on all appellant's claims of negligence with the exception of her claims relating to these appellees' negligence in failing to exercise due care for her safety by allowing a gun to remain in the Waycross office in a place where it was accessible to Brown.

*Judgment affirmed as to appellee Hewitt. Judgment affirmed in part and reversed in part as to appellees Tanner, Kirkland, Howard, Hutchison and Ruger. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 8, 1986 —
REHEARING DENIED OCTOBER 1, 1986

*Lester B. Johnson*, for appellant.
*Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General, Isaac Byrd, Assistant Attorney General*, for appellees.