44245. SMITH v. SOUTHEASTERN FIDELITY INSURANCE
COMPANY.
(365 SE2d 105)

SMITH, Justice.

We granted certiorari in *Smith v. Southeastern Fidelity Ins. Co.,* 181 Ga. App. 316 (352 SE2d 407) (1986), to consider the holding of the Court of Appeals in light of recent decisions by this Court. We reverse.

On October 9, 1981, James Lasker Smith, while making deliveries as he operated his employer's tractor-trailer, was involved in a one-vehicle accident in Louisiana. Not thinking he was hurt, Smith sought no medical attention; he completed his delivery and returned home. One week later, Smith was admitted to the hospital after he experienced pain and felt no pulse in his leg. He had a history of chronic arterial and pulmonary disease, and on October 17, 1981, he had to have an emergency revision of a previous aortofemoral by-pass graft. He suffered complications from the surgery, including pneumonia. Following five weeks in intensive care, he died on November 25, 1981. The appellee, Southeastern Fidelity Insurance Co., was notified of the accident in January 1982.

In October 1984, the appellant, the deceased's wife, sought no-fault benefits under a personal insurance policy issued to her husband by the appellee. After discovery, the appellee moved for summary judgment. The trial court sustained the motion on the grounds that: (1) Smith's death was not the result of an "insured event"; (2) he had rejected optional PIP; (3) the appellant failed to provide timely notice as the policy required; (4) and the policy excluded coverage under the circumstances.

The Court of Appeals held that it only needed to decide the issue of the policy exclusion to resolve the case. The exclusion stated, "[i]n consideration of the premium charged, insurance is not afforded by this policy: (a) when a vehicle is being driven, operated or manipulated by any person who is driving, operating or manipulating for wholesale or retail transport or delivery of goods, merchandise, or other materials in connection with any business or enterprise."

1. The exclusion in this case, like the one in *Southeastern Fidel-*

*ity Ins. Co. v. Johnson*, 256 Ga. 713 (352 SE2d 760) (1987), excludes from coverage job related activities performed while "Occupying" or "Operating" a "Motor vehicle" as these terms are defined in OCGA § 33-34-2. Nevertheless, OCGA § 33-34-7 (a) (1) provides for the payment of no-fault benefits for accidental bodily injury sustained while occupying *any motor vehicle.* "All policies of motor vehicle liability insurance issued in this state must be in accordance with the requirements of this chapter; and no insurer shall issue a policy . . . that does not contain at least the minimum coverage required under this chapter." OCGA § 33-34-3 (a) (1). Thus, the policy exclusion in this case, as in *Southeastern Fidelity Ins. Co. v. Johnson,* supra, is unenforceable because, if allowed to be effective, it would reduce the coverage below the minimum required by the no-fault statute.

2. We also granted certiorari to consider whether the insurance carrier should have the burden of showing in support of its motion for summary judgment that the vehicle driven by the deceased was insured as required by OCGA § 33-34-4 (a) (2). OCGA § 9-11-56 (c) places the burden on the moving party to show that no material issues of fact exist and that the moving party is entitled to a judgment as a matter of law. When an insurance carrier moves for a summary judgment, it must shoulder the burden of showing that no factual issues exist concerning whether the vehicle was insured for purposes of the no-fault statute.

3. Because the Court of Appeals resolved this case only on the issue of the policy exclusion, questions must be addressed regarding the trial court's other grounds for granting summary judgment.

The first such question is whether Smith's death was the result of an "insured event." As a general rule questions of causation are to be resolved by a jury rather than by summary judgment. *Ellington v. Tolar Constr. Co.,* 237 Ga. 235 (227 SE2d 336) (1976). As there are questions of fact concerning the cause of death in this case, it was error for the trial court to grant summary judgment on this ground.

4. The insurance policy requires the insured to notify the appellee of an accident and claim "as soon as practicable." Because Smith spent five weeks in intensive care, and since the appellant's first report of the accident was given three months after the accident, a factual issue as to notice remains.

5. The grant of summary judgment being reversed, the issue of optional PIP remains for determination by the trial court.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents as to Division 1 and the judgment.*

DECIDED FEBRUARY 25, 1988.

*Mundy & Gammage, Gerry E. Holmes,* for appellant.
*Rogers, Magruder, Hoyt, Sumner & Brinson, J. Clinton Sumner, Jr., Sidney P. Wright,* for appellee.