77159. RYDER TRUCK RENTAL, INC. et al. v. CARTER et al.
(374 SE2d 830)

DEEN, Presiding Judge.

The case *sub judice* arose out of a fatal night-time collision between appellees' decedent and a trailer manufactured by appellant Great Dane Trailers, Inc. (Great Dane), and leased to another corporation, not a party to this appeal, by appellant Ryder Truck Rental, Inc. (Ryder). At the time of the accident the cab to which the trailer was attached occupied the southbound lane of the highway where the fatal collision occurred; the trailer, in a position perpendicular to the cab, was being backed across the highway's northbound lane into a driveway. The decedent, driving in the northbound lane, apparently did not see the trailer in time and struck it, severing the top of his automobile and killing decedent and his passenger.

Appellees brought an action against several defendants, including appellants here. Ryder and Great Dane moved for summary judgment on certain allegations of the complaint. The trial court granted Ryder's motion with respect to allegations that Ryder was negligent in not ascertaining that its lessee had certain licenses and insurance, but denied Ryder's motion with regard to allegations of negligence in allegedly inadequately equipping the trailer with side lights and reflective devices and failing to give public notice of such alleged defects or deficiencies. The trial court also denied summary judgment to Great Dane on the issues of careless and negligent design of the trailer by allegedly failing to equip it with adequate lighting and reflective devices. Ryder and Great Dane received certificates of immediate review on these issues, and we granted an interlocutory appeal. *Held*:

OCGA § 9-11-56 (c) prescribes, in pertinent part: "[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . ." Summary judgment should be granted *only* where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Malcolm v. Malcolm*, 112 Ga. App. 151 (144 SE2d 118) (1965). The party opposing the motion must be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Georgia Intl. Life*

44

*Ins. Co. v. Huckabee*, 175 Ga. App. 343 (333 SE2d 618) (1985). When the defendant is the movant, he has the burden of negating conclusively at least one of the essential elements of the plaintiff's case. *Tolbert v. Tanner*, 180 Ga. App. 441 (349 SE2d 463) (1986).

Moreover, as a general proposition issues of negligence, diligence, contributory negligence, and proximate cause are not appropriate for summary adjudication but should be resolved by a jury. *North v. Toco Hills*, 160 Ga. App. 116 (286 SE2d 346) (1981). In a negligence case it must be demonstrated plainly and palpably that the defendants in no way contributed to the proximate cause in order for the trial court to sustain a motion for summary judgment by the defendants. *Chastain v. Atlanta Gas Light Co.*, 122 Ga. App. 90 (176 SE2d 487) (1970).

We do not find the case *sub judice* such a "plain and palpable" case. We do not find that appellants have conclusively negated any essential element of appellees' allegations. Negligence is the basic issue here and is therefore highly material to the case. We find particularly troubling, moreover, the fact that appellants rely so heavily on the logically shaky proposition that, since the lighting and reflective devices on the van (as attested by the affidavit of a qualified expert) were in compliance with a certain standard promulgated by the National Highway Transportation Safety Administration, then, *ergo*, neither the trailer nor its lighting and reflective devices could possibly have been a proximate cause of the fatal occurrence. Where so many relevant facts are available and can and should be sifted by reasonable jurors, we decline to foreclose the exploration of this central issue by adopting the *non sequitur* propounded by appellants.

*Judgment affirmed. Carley and Sognier, JJ., concur in the judgment only.*

DECIDED OCTOBER 26, 1988.

*J. Robert Persons, David A. Herrigel, Arnold C. Young*, for appellants.

*James B. Blackburn, Jr.*, for appellees.