## A89A0985. EDMUNDS v. COWAN.
### (386 SE2d 39)

BIRDSONG, Judge.

This is an appeal by plaintiff Derek Edmunds (Edmunds) from the grant of summary judgment to defendant, Edmund G. Cowan, Sr., (Cowan) on Edmunds' claim against Cowan arising from the shooting of Edmunds by Edmund G. Cowan, Jr. (Jerry), another defendant. Jerry shot Edmunds, a Gwinnett County Police Sergeant, while Edmunds was apprehending Jerry for attempting to steal a car. Jerry pleaded guilty to shooting Edmunds and was sentenced to 50 years confinement for that and other offenses arising from the incident.

Edmunds sued both Jerry and Cowan to recover his lost wages, medical expenses, and damages for pain and suffering. The allegations against Jerry are based upon his direct actions of shooting Edmunds. The allegation against Cowan is based on his "negligence in permitting [Jerry], a convicted felon, who resided in the household, to have access to a dangerous instrumentality . . . the .22 caliber revolver."

After answering the Complaint and conducting discovery, Cowan moved for summary judgment alleging that he had no actual knowledge of his son's dangerous propensities, he had no legal responsibility for Jerry's acts based merely upon parenthood, the pistol was not entrusted to Jerry by Cowan, and there was an unforeseeable intervening act between Cowan's actions and the shooting. The trial court agreed with Cowan's contentions and granted summary judgment to him.

Some months before the shooting, Jerry had been twice convicted

of breaking and entering into a business and had also been convicted of carrying a concealed weapon, another .22 caliber pistol. When Jerry was released from prison in October 1986, he was on probation and returned to live in his parents' home. As a convicted felon Jerry was prohibited by law from possessing a pistol. Nevertheless, Cowan purchased the .22 caliber pistol in November 1986 for his own use, and after that bought a holster and a trigger lock for the pistol for safety reasons. A trigger lock is attached to the pistol over the trigger. In place it keeps the trigger from operating, and, hence, the pistol from firing. The trigger lock can be removed only with keys that Cowan kept on his person, or, as in this instance, with great difficulty by someone using a power drill. After an initial supply of ammunition was used up shortly after the purchase, Cowan kept no ammunition for the pistol in his home. The pistol was on a shelf in a closet in Cowan's bedroom. The closet and the bedroom were not locked.

Jerry knew about the pistol and knew where it was kept, and although Cowan did not tell or show Jerry where it was kept, Cowan admits that he was aware that Jerry knew where he kept the pistol. Also, shortly after he purchased the pistol, Cowan showed the pistol to Jerry, and according to Cowan's deposition testimony, let Jerry handle the pistol. Although Jerry stated that he "stole" the pistol from where his father kept it, there is no evidence of record that Cowan instructed Jerry not to take or use the pistol. Indeed, Jerry never used the pistol until the day he took it, drilled off the trigger lock with his power drill, purchased ammunition for the pistol, and put the pistol under his car seat. Jerry admits that he took the pistol without permission from his father or mother: he "stole the gun." Further, Cowan did not know his pistol was gone until after Jerry shot Edmunds with it.

On the day of the shooting Jerry and some friends spent their time drinking beer and riding around. In the process they decided to steal a car from an apartment complex. That night they went to the apartments and were stealing the car when the police arrived.

Although ordered to get out of the car and freeze, Jerry pulled his pistol and shot Edmunds. The bullet penetrated Edmunds' chest, severely wounding him. Edmunds was out of work for over three months, incurring substantial lost wages and medical expenses.

After the grant of summary judgment, this appeal followed. *Held*:

1. Appellee Cowan correctly asserts that he cannot be held liable for Jerry's tortious acts merely because he is Jerry's father, *Hulsey v. Hightower*, 44 Ga. App. 455 (161 SE 664), and that he may not be found liable to Edmunds under the theory of negligent entrustment unless there was an entrustment and Cowan had actual knowledge of Jerry's dangerous propensities. *Bonney Motor Express v. Yates*, 171 Ga. App. 754 (320 SE2d 844); *Brown v. Sheffield*, 121 Ga. App. 383

(173 SE2d 891).

Pretermitting whether the facts here would support an entrustment and actual knowledge, the case against Cowan is based on neither parenthood nor negligent entrustment. The Complaint states a claim against Cowan based upon his negligence in allowing Jerry to have access to the pistol. Cowan had a duty to exercise ordinary care in storing the pistol. *Blackwell v. Cantrell*, 169 Ga. App. 795, 797 (315 SE2d 29). Moreover, this court held in *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (349 SE2d 463), that summary judgment was improperly granted defendants who failed to conclusively refute the plaintiff's allegations that they negligently allowed the tortfeasor access to an unloaded pistol. Accordingly, there is no support for Cowan's position that negligent access alone will not support a claim against him.

2. As a defendant moving for summary judgment, Cowan must establish that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). He has the burden of piercing Edmunds' pleadings by affirmatively negating at least one of the essential elements of the complaint, *Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637), and establishing that, as a matter of law, Edmunds cannot recover under any theory fairly drawn from the pleadings and evidence. *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523). Cowan's arguments have been based on the contentions that access to the pistol or parenthood will not support the cause of action, that there was no negligent entrustment, that Cowan could not foresee that Jerry would shoot Officer Edmunds, and that Cowan's precautions as a matter of law were not negligence. Division 1, above, of course, disposes of the access alone argument, as well as the parenthood and entrustment contentions.

Considering the foreseeability issue, while one is not generally required to anticipate criminal acts, this rule does not apply if Cowan had reasonable grounds to believe that a criminal act would be committed. *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281). The test is not whether Cowan must have foreseen that Jerry would take the pistol and shoot Edmunds. It is sufficient that with ordinary prudence Cowan might have foreseen that Jerry would take the pistol and commit an act with generally injurious consequences. *Burdine v. Linquist*, 177 Ga. App. 545, 547 (340 SE2d 198); *Bell v. Adams*, 111 Ga. App. 819, 821 (143 SE2d 413). Because of Jerry's two prior criminal convictions for breaking and entering and one for possession of a concealed .22 caliber pistol, it cannot be said that there was no evidence that Jerry might take the pistol and use it as he did.

Since Edmunds as the respondent to a motion for summary judgment is entitled to all reasonable inferences and all reasonable doubts from the evidence, and to have the evidence construed in his favor

*McNish v. Gilbert*, 184 Ga. App. 234 (361 SE2d 231), and against Cowan, *Jonesboro Tool &c. Corp. v. Ga. Power Co.*, 158 Ga. App. 755 (282 SE2d 211), we cannot say conclusively that Jerry's shooting of Edmunds was unforeseeable as a matter of law. Consequently, a jury issue exists on this question, and Cowan has not carried his burden as the movant for summary judgment. *Corbitt*, supra; *Reed*, supra.

3. Regarding Cowan's argument that the precautions he took were not negligence as a matter of law, the general rule is that issues of negligence and causation are not appropriate for summary adjudication, *Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15, 16 (365 SE2d 105), unless the movant can demonstrate plainly and palpably that he did not contribute to the proximate cause of the injury, *Ryder Truck Rental v. Carter*, 189 Ga. App. 43, 44 (374 SE2d 830), and that reasonable minds could not disagree. *North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346). Considering the evidence of Jerry's criminal propensities, including possession of a concealed weapon, it cannot be said with certainty that the facts conclusively show that Cowan's actions were not negligent, and that he was not at fault. *Fort v. Boone*, 166 Ga. App. 290, 292 (304 SE2d 465). Accordingly, material issues of fact remain which must be decided by a jury and, thus, summary judgment was improperly granted to Cowan. *Tallman Pools of Ga. v. James*, 181 Ga. App. 341, 342 (352 SE2d 179). This determination, however, should not be construed as authority for the proposition that appellant's evidence would, had it been offered at trial, necessarily be sufficient to withstand a motion for a directed verdict. *Winn-Dixie v. Ramey*, 186 Ga. App. 257, 258 (366 SE2d 785); see also *Whelchel v. Laing Properties*, 190 Ga. App. 182 (378 SE2d 478) (physical precedent).

The dissent argues that this case is controlled by *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726), and a different result is required. To the contrary, we find that *Jackson v. Moore*, supra, is distinguishable in several significant respects, and therefore does not demand a different result.

First, the son in *Jackson* had never been convicted of an offense involving illegal use of an automobile. Here, of course, Jerry had been convicted of carrying a concealed .22 caliber pistol, a firearm almost identical to the one Cowan later purchased and with which Jerry later shot Edmunds. Second, the mother in *Jackson* had specifically instructed her son not to use the car. The record in this case reflects no such prohibition, and, in fact, Cowan, shortly after he purchased the pistol and not long after Jerry had been released from prison, showed the pistol to Jerry and let him hold it. Third, car keys are obviously different from pistols. Neither the son in *Jackson* nor Jerry was prohibited by law from possessing car keys, but Jerry was prohibited from possessing a firearm. Further, it is the public policy of this state

that possession of firearms by convicted felons generally presents a threat to the safety of the citizens of the state. OCGA § 16-11-131. Pistols, even when unloaded, can be considered dangerous weapons, e.g., *Daughtry v. State*, 180 Ga. App. 711, 712 (350 SE2d 53). Moreover, even in negligence cases, it has long been recognized that firearms are treated differently: "Where the instrumentality in question is a firearm or other explosive, liability is frequently imposed upon an offending parent, or at the least a jury question as to such liability arises. [Cits.]" *Hill v. Morrison*, 160 Ga. App. 151 (286 SE2d 467). Even though this case is not based upon parental liability, the underlying concept remains valid.

Thus, when Cowan, with knowledge of Jerry's earlier conviction for carrying a concealed .22 caliber pistol and two offenses involving theft, buys a .22 caliber pistol, and shows it to Jerry and permits him to hold it, we find that a jury issue is presented on whether it was foreseeable that Jerry would take the pistol and use it in a manner injurious to others. Further, we find also that whether Cowan's attempts to safeguard the pistol were sufficient to relieve him of liability are not relevant to the question of foreseeability. That presupposes a finding that Jerry's actions were foreseeable, and in any event, we have found that the question of Cowan's negligence is not appropriate for summary judgment in this case. *Ryder Truck Rental v. Carter*, supra; *Fort v. Boone*, supra; *North v. Toco Hills*, supra. Moreover, the dissent's analysis of Cowan's action appears to be weighing the evidence to determine whether Cowan was negligent as a factual matter, rather than testing whether such actions were negligent as a matter of law.

Accordingly, the grant of summary judgment to Cowan was error and must be reversed.

*Judgment reversed. Carley, C. J., McMurray, P. J., Banke, P. J., Pope and Beasley, JJ., concur. Deen, P. J., Sognier and Benham, JJ., dissent.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent, because I believe that the trial court properly granted summary judgment for the appellee.

Both parties rely upon the recent case of *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989), in which a 16-year-old child stole his mother's car keys from her purse while she took a shower, drove the car, and injured the plaintiff in a collision. In *Jackson*, because the child took the car without permission, and because the mother although aware of her son's previous juvenile record of burglary shoplifting and conspiracy to commit theft, had no knowledge of the child's driving, this court found that the defendant mother was insulated from liability for her son's mischief and entitled to summary

judgment.

*Jackson* does appear to control the instant case, and in favor of the appellee. If anything, the facts of this case are more strongly in the appellee's favor than were the facts in *Jackson* for the defendant parent. The appellee here, in not having any bullets, installing a trigger lock and keeping the keys himself, and in not revealing where he stored the gun, certainly took more measures to prevent mischief than did the mother in *Jackson*. (To match this, the *Jackson* mother perhaps would have had to install a steering wheel lock and keep the fuel tank empty, or the child would have had to "hot wire" the car.) It took two affirmative criminal acts for the appellee's son to use the pistol, i.e., theft and criminal damage to property. The appellee also had no knowledge of any prior assaultive behavior by his son.

If the defendant parent in *Jackson* was entitled to summary judgment, so was the appellee parent in this case. If the child in these types of cases had been convicted of concealing a knife, would the parents who placed a lock on the kitchen drawer containing knives be liable? I think not. If the child in *Jackson* had previously stolen and driven their car and hit someone or, in the instant case, stolen the pistol and shot someone, or, in the illustration given, had stolen a knife and stabbed someone, a different rule of responsibility and result would obtain.

I am authorized to state that Judge Sognier and Judge Benham join in this dissent.

DECIDED JULY 11, 1989 —
REHEARING DENIED JULY 31, 1989 — 

*Wetzel, Shaw & Quinn, Michael L. Wetzel,* for appellant.
*Drew, Eckl & Farnham, M. Gino Brogdon, Arthur H. Glaser, Jeffrey R. Joyce,* for appellee.