A90A0240. STEERMAN v. AMERICAN STATES INSURANCE COMPANY.
(390 SE2d 669)

BIRDSONG, Judge.

This appeal concerns the grant of summary judgment to Maria Gutierrez on Steerman's claims against Gutierrez arising from an automobile accident. American States Insurance Company is Steerman's uninsured motorist insurance carrier and has filed pleadings in Gutierrez' name since she has apparently left the country and cannot be served with process.

Steerman's complaint alleged that Gutierrez caused the accident by stopping her car in a blind curve negligently and in violation of OCGA § 40-6-202, prohibiting stopping vehicles on roadways outside of a residential or business district unless there is visibility for 200 feet in each direction. American States answered in Gutierrez' name and after conducting discovery moved for summary judgment contending that Gutierrez actions were legal and proper and therefore

she could not be held liable. Steerman now appeals from the grant of that motion. *Held*:

Steerman's deposition and affidavit in opposition to the motion show that on the day of the collision she was driving on a state highway in a heavy rain, a downpour, at about 35 mph when she came around a blind curve and saw Gutierrez' car stopped two or three car lengths away. She applied her brakes, but could not stop without hitting Gutierrez' car because her car fishtailed and slid on the wet road, and she could not avoid the accident because of woods and a ditch on the side of the road. She testified that Gutierrez' car was stopped at an angle across the road blocking the entire lane of travel. Steerman also testified that she did not see any oncoming traffic, and while she remembered seeing the tail light on Gutierrez' car, she did not remember seeing a turn signal.

The motion for summary judgment was supported in part by the affidavit of a person claiming to be a witness to the accident. The affidavit stated that he was driving in the opposite lane of traffic approaching the accident site and saw Gutierrez' car stopped in the other lane with its left turn signal on waiting for traffic to clear to turn left. The motion was also supported by an affidavit and certain property tax records purporting to show that the site of the accident was in a residential district.

To prevail as a defendant moving for summary judgment, Gutierrez must show there were no issues of material fact and she was entitled to judgment as a matter of law. OCGA § 9-11-56 (c). She was required to pierce Steerman's pleadings by negating at least one of the essential elements of the complaint (*Corbitt v. Harris*, 182 Ga. App. 81 (354 SE2d 637)), and by establishing as a matter of law that Steerman could not recover under any theory of recovery fairly drawn from the pleadings and evidence. *Reed v. Adventist Health Systems &c.*, 181 Ga. App. 750, 752 (353 SE2d 523).

Although the motion contended Gutierrez' actions were legal and proper, that characterization would only entitle Gutierrez to summary judgment if reasonable minds could not disagree (*North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346)) she established by plain, palpable and indisputable evidence (*Leonard v. Bleser*, 184 Ga. App. 600, 601 (362 SE2d 68)) her actions did not constitute negligence or were in no way the proximate cause of the collision. *Ryder Truck Rental v. Carter*, 189 Ga. App. 43, 44 (374 SE2d 830).

Further, we must be mindful that our law generally favors a jury determination of the issues (*Showalter v. Villa Prado Assoc.*, 182 Ga. App. 705 (356 SE2d 895)), and the general rule is issues of negligence and causation are not appropriate for summary adjudication. *Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15, 16 (365 SE2d 105). Moreover, the evidence must be construed in Steerman's favor, giving her the

benefit of all reasonable doubts and reasonable inferences (*McNish v. Gilbert*, 184 Ga. App. 234 (361 SE2d 231)), and against Gutierrez. *Jonesboro Tool &c. Corp. v. Ga. Power Co.*, 158 Ga. App. 755 (282 SE2d 211).

In light of these principles and the cardinal rule that on motions for summary judgment courts can neither resolve the facts nor reconcile the issues (*Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49)), we cannot conclude that summary judgment was properly granted. Only by accepting as fact the statements in the affidavit of the opposing driver can one conclude that Gutierrez was stopped waiting for traffic to clear to turn left. Since Steerman's deposition states there was no oncoming traffic, this contradiction raises a question of credibility which must be decided by the jury. OCGA § 24-9-80.

Further, the other driver cannot testify Gutierrez was waiting for oncoming traffic to clear to turn left because it was not within his personal knowledge. OCGA § 9-11-56 (e). That, however, does not make this whole affidavit defective. *Henry v. Polar Rock &c. Corp.*, 143 Ga. App. 189, 190 (237 SE2d 667). He could infer that she intended to do so from his observation that her left turn signal was on. This would not be conclusive since, in addition to whether he was present and could observe the turn signal in the first instance, Steerman testified that while she remembered seeing Gutierrez' tail lights, she did not remember seeing her turn signal. Therefore, giving Steerman the benefit of the doubt and all favorable inferences, we cannot conclude that Gutierrez was stopped, signalling and waiting to turn left.

Further, even if one were to reach that conclusion, that would not entitle Gutierrez to summary judgment for we are still left with the question whether it was negligence for Gutierrez to stop her car on a state highway on an angle completely blocking the lane of travel in a downpour and in a blind curve. Under our law that is a question for the jury, and summary judgment was granted improperly.

In view of our disposition of this issue, we have not considered whether OCGA § 40-6-202 is inapplicable to these facts as a matter of law.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 9, 1990.

*Scheer & Elsner, Robert A. Elsner, Wayne Chatham*, for appellant.

*Webb, Carlock, Copeland, Semlar & Stair, Douglas W. Smith,*

*Paul Vancil*, for appellee.