A91A0784. TRILLET v. VULCAN MATERIALS COMPANY.
(405 SE2d 572)

BIRDSONG, Presiding Judge.

This appeal arises from the grant of summary judgment to a proprietor in a "slip and fall" case. Robert C. Trillet contends that Vulcan Materials Company, the owner of a quarry, was not entitled to summary judgment because genuine issues of material fact remain for trial.

The record shows that at 7:00 a.m. on September 25, 1987, apparently before sunrise Trillet loaded his dump truck at Vulcan's quarry, stopped his truck at the scale house, and stepped from his truck onto a concrete pad next to the scale house. Trillet took "three or four" steps to hand paperwork to someone working in the scale house, and stepped back to his truck to push a tarp over the load.

Trillet testified that he took "two or three steps" and that he "just stepped off of it in the dark. [He] couldn't see that there wasn't a slab there." He also testified that he probably was looking at his truck rather than the ground, but he "really [doesn't] know what [he] was looking at. All [he knows is he] turned around to push the tarp back. And precisely what [he] was looking at, [he] couldn't say definitely." Trillet knows, however, that he got back to the truck "and put [his] hand on the tarp and just barely touched it, and it went on back. And I was falling in the same process."

Trillet contends that Vulcan's negligence caused his injury because the area where he fell was not lighted and because there was no railing around the pad, or warning of the drop-off. The record shows that although there was no light for the pad where Trillet fell, there

was a light for the pad at the rear of the scale house where employees entered.

Vulcan moved for summary judgment asserting that it was not liable for Trillet's injury because Trillet knew the area was dark, knew he was standing on a concrete pad and knew there was no railing around the pad.

The motion was supported by an affidavit from a Vulcan employee who stated that he was working at the quarry on the day that Trillet fell and had worked there since 1972. His affidavit stated there had been no reports of anyone ever falling from the pad, and further stated the pad was approximately five feet by four feet and was nine and one-half inches above ground level. *Held*:

As the respondent to a motion for summary judgment, Trillet is entitled to all reasonable inferences and all reasonable doubts arising from the evidence and to have the evidence construed in his favor (*McNish v. Gilbert*, 184 Ga. App. 234 (361 SE2d 231)) and against Vulcan (*Jonesboro Tool &c. Corp. v. Ga. Power Co.*, 158 Ga. App. 755 (282 SE2d 211)). Further, the general rule is that issues of negligence are not appropriate for summary adjudication (*Smith v. Southeastern &c. Ins. Co.*, 258 Ga. 15, 16 (365 SE2d 105)) unless the movant demonstrates plainly and palpably that he did not contribute to the proximate cause of the injury (*Ryder Truck Rental v. Carter*, 189 Ga. App. 43, 44 (374 SE2d 830)) and that reasonable minds could not disagree (*North v. Toco Hills*, 160 Ga. App. 116, 119 (286 SE2d 346)).

"For [Trillett] to recover under a common law negligence theory, there must have been a defective condition on [Vulcan's] premises, which defect was the cause of [Trillet's] fall and of which [Vulcan] had superior knowledge. The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner* or occupant and *not known to the person injured* that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." (Citation and punctuation omitted.) *Froman v. George L. Smith &c. Auth.*, 197 Ga. App. 338-339 (398 SE2d 413).

In this instance, however, two dangers or defects were working in combination: the absence of lighting *and* the drop-off from the pad. Although it can be argued that Trillet was equally aware of the dark, nothing in the record shows that Trillet had any knowledge of the

drop-off. On the other hand, the light at the similar pad for the employees' entrance is evidence from which it can be inferred that Vulcan had superior knowledge of the danger associated with an unlighted pad. Accordingly, an issue of fact remains on this issue. Therefore, " '[i]n the instant case the evidence does not mandate a judgment as a matter of law; a scrupulous sifting and weighing of the evidence by a jury is required.' [Cit.]" *Padgett v. M & M Super Market*, 195 Ga. App. 799, 800 (395 SE2d 245).

*Judgment reversed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 19, 1991.

*Daniel, Hadden & Meadors, A. E. Daniel III*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Brian R. Neary*, for appellee.