A91A0497. REMLER v. SHIVER.

(408 SE2d 139)

McMURRAY, Presiding Judge.

Edith Shiver, formerly known as Edith Griner, and attorney Albert N. Remler have been involved in the case sub judice since January 29, 1987. Shiver then sued attorney Remler and Bankers First Federal Savings & Loan Association ("Bankers First") and alleged that she purchased two subdivision lots from Bankers First; that Bankers First financed the sales and that attorney Remler closed the transactions. Shiver claimed that the lots turned out to be unmarketable because of "perceived title defects . . ." and sought to rescind the sales contracts and to recover "general[,] punitive and exemplary" damages, alleging that Bankers First breached warranties of title; that Bankers First and attorney Remler fraudulently induced her to purchase the unmarketable subdivision lots and that attorney Remler was professionally negligent in "failing to discover, to reveal and to inform [her] of title defects, which, if disclosed, would have caused her either not to purchase said properties or to purchase same only with additional considerations, terms and assurances." (Shiver also sought to enjoin Bankers First from foreclosing her interests in the lots.) Attorney Remler answered and admitted that he closed the sales transactions between Bankers First and Shiver, but denied the remaining material allegations of the complaint.

On May 27, 1987, Shiver filed an amended complaint and more particularly alleged that Bankers First and attorney Remler fraudulently induced her to purchase the subdivision lots; that Bankers First had breached warranties of title and that attorney Remler was professionally negligent. Shiver also claimed defamation ("libel") and sought recovery for intentional infliction of emotional distress, alleging that Bankers First and attorney Remler wrongfully foreclosed her interest in the subdivision lots and that the foreclosure advertise-

ments damaged her business reputation.

On March 8, 1988, Shiver filed a second amended complaint and admitted that the alleged title deficiencies were resolved in her favor via a superior order "dated" September 4, 1987, but alleged that she "expended approximately $4,100.00 . . . to correct the title defect."[1] Shiver then reasserted her claims of professional malpractice, breach of warranties of title, fraudulent inducement of contract and defamation. However, on July 15, 1988, attorney Remler and Bankers First moved for summary judgment on these claims.

On August 17, 1988, Shiver filed a third amended complaint, alleging that Bankers First and attorney Remler "engaged in unfair and deceptive practices in consumer transactions in violation of the Fair Business Practices Act of 1975 and are liable to [her] for treble damages."

On September 16, 1988, attorney Remler filed an answer and denied the material allegations of the amended complaints. He also filed a counterclaim for abusive litigation.[2]

On October 4, 1988, Shiver dismissed without prejudice her claim that Bankers First and attorney Remler "engaged in unfair and deceptive practices in consumer transactions in violation of the Fair Business Practices Act of 1975 and are liable to [her] for treble damages."

On November 21, 1988, the trial court granted Bankers First's and attorney Remler's motion for summary judgment and Shiver filed an appeal to the Supreme Court of the State of Georgia. On May 25, 1989, the Supreme Court of the State of Georgia affirmed the order granting summary judgment to Bankers First and attorney Remler. Bankers First filed a motion for attorney fees and expenses of litigation pursuant to OCGA § 9-15-14. The trial court denied this motion, finding that Shiver's claims against Bankers First were not substantially frivolous, substantially groundless or substantially vexatious. The trial court based its order on the following findings of fact:

"Defendant attorney Albert N. Remler whose testimony was offered by defendant Bankers First in support of its motion for attorney's fees was inconsistent and equivocal in portions of his testimony particularly with respect to his contention that Bankers First was his

---

[1] The record shows that Shiver was a party to a land registration proceeding in which it was determined that Shiver owns the lots which are the basis of the claims in the case sub judice, in "fee simple." The land registration order is dated September 4, 1987, and was entered on September 11, 1987.

[2] Attorney Remler's answer to the amended complaints and counterclaim was filed after the entry of a pre-trial order. However, the record shows that attorney Remler reserved his right to answer the amended complaints in the pre-trial order and that the trial court gave attorney Remler permission to file the abusive litigation counterclaim after the entry of the pre-trial order.

client rather then the plaintiff[, Shiver]. Defendant Remler insisted that plaintiff Shiver was not his client at the closing on Lots 11 and 12 although he had accepted a fee from her for examining the title. This was in addition to fees received from defendant Bankers First at the closing which were deducted from the proceeds of the loan. . . . An internal memorandum generated by defendant Remler's law firm showed defendant Remler's client to be Edith Griner Realty. . . . Defendant Remler sent two letters to third parties four days prior to the closing stating that he represented both defendant Bankers First and plaintiff Griner (later Shiver) in connection with the two properties. The above circumstances are inconsistent with defendant Remler's contention that he represented only defendant Bankers First. . . . Defendant Remler sent letters to various real estate lawyers in Savannah stating that plaintiff Shiver, whom he knew to be a real estate broker and contractor, had stopped making payments on her loans from defendant Bankers First before she claimed that the title to the two lots was defective. Defendant Remler acknowledged that at the time he made the statement he did not know it to be true. Defendant Bankers First, in response to [Shiver's] request for admissions, had admitted that plaintiff [Shiver] notified it of alleged title defects before she ceased making payments. . . . Defendant Remler admitted that he did not do a full title search on titles to Lots 11 and 12 Lakeview Subdivision but that he reviewed abstracts done by other attorneys to the back title of the subdivision. Plaintiff Shiver would not have purchased the properties from defendant Bankers First if she had known that defendant Remler had not performed a complete title examination. . . . During the period prior to the trial of this case and before granting the motion for summary judgment, defendant Bankers First extended three settlement offers to plaintiff [Shiver]. The final offer was extended three days prior to the date set for trial. It offered to forgive [Shiver's] indebtedness on one of the properties, to take one of the properties back, to forgive the accrued interest, and perhaps to forego recovery of attorney fees incurred. The approximate value of the final settlement offer exceeded one hundred thousand ($100,000.00) dollars. This offer was extended by defendant Bankers First in light of the possibility that the bank could lose the trial."

On July 2, 1990, Shiver filed a motion for summary judgment as to attorney Remler's counterclaim for abusive litigation. Shiver also filed an expert's affidavit wherein it was deposed that Shiver was "justified in asserting litigation claims or defenses based on a breach of warranty of title." In opposition, attorney Remler relied on expert affidavits wherein it was deposed that "Shiver's claims as set forth in her Amended Complaint regarding defective title to the subject property are unfounded, incorrect, misplaced and without any legal basis or merit." The trial court granted summary judgment to Shiver,

adopting the findings of fact contained in the order on Bankers First's OCGA § 9-15-14 motion for attorney fees and costs of litigation and finding that Shiver's "original action against [attorney Remler was not] completely absent of any justiciable issue of law or fact [and] that said claim [did not lack] substantial justification." This appeal followed. *Held*:

1. Attorney Remler contends the trial court erred in granting Shiver's motion for summary judgment, arguing that genuine issues of material fact remain as to Shiver's liability for abusive litigation.

" ' "To entitle the defendant to a summary judgment the undisputed facts as disclosed by the pleadings and evidence must negate at least one essential element entitling plaintiff to recovery and under every theory fairly drawn from the pleadings and evidence (cits.) and if necessary, prove the negative or nonexistence of an essential element affirmatively asserted by the plaintiff." (Cit.)' (Emphasis omitted.) *Waller v. Transworld Imports*, 155 Ga. App. 438, 439 (271 SE2d 1) (1980); *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (2b) (349 SE2d 463) (1986)." *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (2) (392 SE2d 535).

In the case sub judice, attorney Remler alleged that Shiver abused the litigation process by accelerating litigation, i.e., pressing her claims of fraud, legal malpractice, defamation, violation of the Fair Business Practices Act of 1975 and intentional infliction of emotional distress, after it was determined that the alleged title defects did not present a cloud on Shiver's claim to the subdivision lots. To this extent, attorney Remler relies on *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414), wherein it was held that "[a]ny party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby." *Yost v. Torok*, 256 Ga. 92, 95 (13), 96, supra.

In the case sub judice, the trial court relied on findings of fact contained in the order on Bankers First's OCGA § 9-15-14 motion for attorney fees and costs of litigation in finding that Shiver's claims against attorney Remler did not constitute abusive litigation. However, our examination of these findings of fact and the pertinent pleadings and evidentiary material does not authorize a finding that Shiver pierced allegations that Shiver abused litigation by pressing her claims against attorney Remler of legal malpractice, fraud, defa-

mation, violation of the Fair Business Practices Act of 1975 and intentional infliction of emotional distress.

The findings of fact entered in response to Bankers First's OCGA § 9-15-14 motion for attorney fees and costs of litigation support the trial court's conclusion that Shiver was justified in pressing her claim against Bankers First under warranties of title and may even support a finding that plaintiff was justified in pressing a legal malpractice action against attorney Remler, but these findings of fact do not negate the allegation that Shiver abused the litigation process by asserting claims that attorney Remler committed legal malpractice, fraud and defamation; that he violated the Fair Business Practices Act of 1975 and that he intentionally inflicted emotional distress upon Shiver. On the contrary, we find no evidence piercing the claim that Shiver abused the litigation process by throwing everything except the kitchen sink at attorney Remler. In fact, plaintiff's own expert did not say that Shiver's multi-pronged attack on attorney Remler was justified. He only deposed that Shiver was "justified in asserting litigation claims or defenses based on a breach of warranty of title." Consequently, the trial court erred in granting Shiver's motion for summary judgment on attorney Remler's abusive litigation claim. Genuine issues of material fact remain for jury resolution. See *Georgia Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618).

2. Shiver's motion for assessment of damages for frivolous appeal is hereby denied.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 10, 1991 — ▮▮▮▮▮▮▮

*Remler, Koski & Near, Robert C. Koski*, for appellant.
*Albert N. Remler*, pro se.
*Brennan & Wasden, Joseph P. Brennan, Kenneth L. Royal, Marvin W. McGahee*, for appellee.