A96A0600. MUTUAL LIFE INSURANCE COMPANY OF NEW
YORK et al. v. CHURCHWELL et al.
A96A0601. W. K. BARBER CONSTRUCTION COMPANY
v. CHURCHWELL et al.
(471 SE2d 267)

BIRDSONG, Presiding Judge.

These two interlocutory appeals are from the orders of the trial court denying appellants' motions for summary judgment against appellees/plaintiffs Margie Jane Churchwell and Charles Churchwell. Appellants/defendants in Case No. A96A0600 are Mutual Life Insurance Company and Ares Development Company; appellant/defendant in Case No. A96A0601 is W. K. Barber Construction Company.

Appellee Mrs. Churchwell, a former employee of Sun America Mortgage Company, slipped and fell on ice which had accumulated in front of the entrance door of a building owned by appellant life insurance company, managed by appellant development company, and in which Sun America had its offices. At the same time and location, appellant construction company was refinishing the approach (sidewalk) in front of the building.

The incident occurred on Sunday, December 26, 1993, when the office buildings on the premises were closed over the holiday weekend and no management personnel were on duty. Mrs. Churchwell had elected voluntarily to return to the Sun America office for personal reasons not connected with the scope of her employment; she was expecting to meet a friend there to obtain a Christmas package for her son. The engineering staff also was not present to perform inspections or maintenance work; however, one building engineer was "on call" for emergency situations. No reports of ice or snow had been made to appellant development company, which was unaware that ice had accumulated on the premises. Employees of the development company had conducted a daily inspection of the entranceway area on Friday, December 24, and found the approach to be dry and clear. As a former employee of Sun America, Mrs. Churchwell was aware the buildings would be closed and no management personnel would be present either to let her into the office or to perform maintenance. However, she expected to gain admission by knocking until

her former co-worker, whom she expected to be working there, would open the door.

Mrs. Churchwell exited her car directly in front of the main entranceway to Sun America's office building; at the time, she observed a substance on the entranceway which she erroneously believed to be water. Although she was aware that wet surfaces could be slippery and dangerous and that in cold weather a surface not exposed to sunlight could freeze and become icy, she nevertheless stepped onto the entranceway and fell after slipping on the icy substance. No caution signs, orange cones, or other warning devices had been placed in the vicinity of the slippery area.

Although the entranceway was under construction, no employees of appellant construction company were working on the premises over the holiday weekend. An irrigation system also was being installed in the area by appellant development company; however, the system was not operational at the time and had not yet been connected to the main water line and had no water running through its system when Mrs. Churchwell fell.

Mrs. and Mr. Churchwell brought suit for damages, respectively, for injuries sustained when the former fell and for the latter's lost wages and loss of consortium. They contend appellants negligently failed to maintain adequately the building entranceway and to warn them the approach was unsuitably slippery and dangerous. *Held*:

1. In order for appellants/defendants to prevail on their respective motions for summary judgment, the summary judgment standards of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) must be met. At summary judgment a movant/defendant must demonstrate by reference to evidence in the record that there is an absence of evidence to support at least one essential element of the non-moving party's case. In other words, summary judgment is appropriate when the court, viewing all the facts and reasonable inferences flowing therefrom in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case. Id. A movant/defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the non-moving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. Id.

2. As a general rule, the determining question whether a visitor is an invitee by implication is whether the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit. *D. J. Powers Co. v. Hendry*, 190 Ga. App. 297, 298 (379 SE2d 1). Thus, " '[t]he accepted test to deter-

mine whether one is an invitee or a licensee is whether the party coming onto the business premises had present business relations with the owner or occupier which would render his presence of mutual benefit to both, or whether his presence was for his own convenience, or was for business with one other than the owner or occupier.'" *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874, 876 (2) (392 SE2d 535). Appellee was a mere licensee at the time of the incident; she was on the premises solely for her own convenience and for no purpose beneficial to any of the appellants.

OCGA § 51-3-2 (b) provides that "[t]he owner of the premises is liable to a licensee only for willful or wanton injury." See generally *Evans v. Parker*, 172 Ga. App. 416, 417 (1) (323 SE2d 276). As appellee was not on the premises in the status of an invitee, appellants "owed [her] no duty to use reasonable care to keep the premises and approaches safe, and thus owed [her] no duty to inspect the premises to discover dangerous conditions of which [they] did not yet have actual knowledge." *D. J. Powers Co.*, supra at 298.

There exists no evidence from which it could be inferred that appellants had actual knowledge of appellee's presence on the premises; neither is there sufficient evidence from which it reasonably could be inferred that appellants reasonably should have expected appellee to be within the range of a dangerous condition on the premises. However, assuming arguendo that a genuine issue of material fact exists as to such knowledge, appellants still would not be liable under the circumstances here attendant, as appellee had knowledge of the dangerous condition at least equal to that of any appellant. Appellee admitted in her deposition that before she reached the six- to eight-foot spot which she thought was water, she actually saw the water in front of her covering the entrance to the premises. She further admitted that, had she stopped and thought about it, she knew that water on a sidewalk can create a slippery or dangerous condition. Appellee knew that water can be slippery, that standing water on a cold sidewalk can freeze, and that a wet sidewalk in cold weather and not exposed to sunlight could be icy. Although it is usually wilful or wanton not to exercise ordinary care to prevent injuring a licensee who is actually known to be *or* reasonably is expected to be, within range of a dangerous condition on the premises, where a licensee has *equal knowledge* of the dangerous condition or the risks involved, there is no wilful or wanton action on the part of the respective premise owner, manager, or tenant, and there is no liability to the licensee. *Evans*, supra at 417. " 'The true ground of liability is the proprietor's *superior knowledge* of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is *known to the owner*, or occupant and *not known to the person injured* that a recovery is permitted. Thus,

the basis of the proprietor's liability is his superior knowledge, and if his invitee [or licensee who is known to be on the premises] knows of the condition or hazard, there is no duty on the part of the proprietor to warn the [person] and there is no liability for resulting injury because the [person] has as much knowledge as the proprietor does.'" *Trillet v. Vulcan Materials Co.*, 199 Ga. App. 583, 584 (405 SE2d 572); compare *Johnson v. Autozone*, 219 Ga. App. 390, 392-393 (465 SE2d 463).

Construing the evidence most favorable to appellee, her knowledge of the slippery conditions which caused her fall, *regardless of the source from which such water originated*, was at least equal to that of appellants. In the absence of any question of fact as to any wilful or wanton action on the part of the appellants, the trial court erred by denying appellants' motions for summary judgment. *Auerbach v. Padgett*, 122 Ga. App. 79 (176 SE2d 193) (invitee slipped on ice that was concealed under a visible puddle of water); compare *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280 (430 SE2d 86); *McIntyre v. Corporate Prop. Investors*, 160 Ga. App. 868 (288 SE2d 584). *Quiktrip Corp. v. Childs*, 220 Ga. App. 463 (469 SE2d 763) is distinguishable factually from this case and is not controlling as to the issue of superior knowledge.

*Judgments reversed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 7, 1996.

*Carter & Ansley, Michael A. Coval*, for appellants (case no. A96A0600).

*Johnson & Benedict, Noel H. Benedict*, for appellant (case no. A96A0601).

*Deming, Parker, Hoffman, Green & Campbell, Paul M. Hoffman, Christopher W. Daly*, for appellees.