36385.  PITTMAN *et al. v.* STAPLES.

Decided January 30, 1957—Rehearing denied February 22, 1957.

190

*Jones, Sparks, Benton & Cork*, for plaintiffs in error.

*E. B. Gostin, David L. Mincey, Shelley & Harrell*, contra.

QUILLIAN, J. This is a case where a non-negligent guest passenger was killed in a collision between the automobile of his host driver and a truck parked on the highway. The defendant, George F. Pittman, who parked the truck, according to the allegations of the petition, within 12 feet of the center of the highway, a State-aid road, and Macon Brick & Block Company who was under the doctrine of respondeat superior responsible for his conduct filed a general demurrer to the petition.

The contention is not that the place and manner in which the truck was left upon the highway was lawful or prudent but that the petition disclosed that the action of the host driver in not keeping a lookout and in not discovering that the truck was standing and not as he supposed, moving along the highway in the direction he was traveling, constituted the sole proximate cause of the collision resulting in the deceased's fatal injuries.

In this opinion it will be assumed but not decided that the petition did affirmatively disclose negligence on the part of the

host driver in not observing the defendant's truck from a considerable distance as he approached it, and that he could by the exercise of ordinary or even slight care have discovered that it was not moving and thus have avoided the collision. It is likewise, for the purpose of analysis of the factual situation described in the situation accepted that the host driver failed to observe the requirements of Code (Ann. Supp.) § 68-1670 (15) that he keep a lookout ahead of his automobile while operating it upon the public thoroughfare.

While it is true that one who is imprudent is not bound to anticipate that a dormant condition or danger created by his negligence will be activated by a criminal act, the rule is stated in the case of *Bozeman* v. *Blue's Truck Line*, 62 *Ga. App.* 7, 10 (7 S. E. 2d 412): "The principle that one tort-feasor will not be liable where the injury sustained is caused by an independent criminal act of a third person which is the direct and proximate cause of the damage (*Andrews* v. *Kinsel*, 114 *Ga.* 390 (2), 40 S. E. 300, 88 Am. St. R. 25), so far as we have been able to ascertain, refers to deliberate acts which are mala per se. It does not contemplate an act which may be found to be due to negligence, although it may be malum prohibitum. The reason is that one is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule, and one tort-feasor can not escape his own liability by simply showing that another has been guilty of a crime malum prohibitum, when he himself has been guilty of a similar crime." So it must be concluded that the host driver's conduct simply because it constituted the violation of a public law, was not of such nature as to relieve the defendants of the consequence of their unlawful act in leaving the truck parked upon and within 12 feet of the center of the highway.

In order for the host driver's negligence to insulate the defendants from liability it must have been such as the defendants could not have reasonably anticipated at the time they created the perilous situation by leaving the truck standing on the highway. *Atlantic Coast Line R. Co.* v. *Coxwell*, 93 *Ga. App.* 159 (91 S. E. 2d 135).

It clearly appears from the averments of the petition that the negligence of the host driver was such as should have been rea-

sonably apprehended by the defendants. One prominent reason why leaving a truck parked on the traffic portion of a highway is dangerous is that vehicles following others may not until they undertake to pass one that precedes them, become aware that they are in too close proximity to the parked truck or automobile standing in the roadway to avoid colliding with it.

Another rule is that the nature of default on the host driver's part that would intervene to relieve the defendants from liability must be a failure to exercise ordinary care to avoid the defendants' negligence after he discovered its existence, that is, after he discovered that the truck was parked on the highway and that it was not, as he supposed, moving along the highway. "One who acts negligently is not bound necessarily to anticipate that another person will be negligent after the latter has discovered the danger arising from the former's negligence. The first actor, however, is not permitted to assume that the second actor will discover the danger caused by the first actor's negligence. Accordingly, where the second actor, after having become aware of the existence of a potential danger created by the negligence of the first actor, acts negligently in respect of the dangerous situation and thereby brings about an accident with injurious consequences to others, the first actor is relieved of liability, because the condition created by him was merely a circumstance and not the proximate cause of the accident. However, if the second actor does not become apprised of the danger arising from the first actor's negligence until after his own negligence, added to the existing peril, has made an accident with injurious consequences inevitable, both actors are liable, since the negligence of the one concurs with the negligence of the other proximately to cause the injury . . ." 38 Am. Jur. 731, § 72. We conclude that if the petition showed the host driver to be negligent, that negligence was not of such nature as to constitute the sole proximate cause of the collision between his automobile and the defendants' truck. The petition set forth a cause of action and was not subject to general demurrer.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing the defendant makes the contention

that the section of Code (Ann. Supp.) § 68-1670 which prohibits the parking of motor vehicles within 12 feet of the center line of a State-aid road or highway should be construed when applied in a case where the parking is on one of the roadways of a four-lane highway to be the center line of the space between the two roadways. The contention is not tenable and to rule that it is correct would be under the Code section requirements an absurdity. This is true because if we construe the statute as it is insisted by the defendant to refer to the center of the space between the two roadways one could park a truck in the very center of the traveled portion of such road and still comply with the statute as it is construed by the defendant.