71055. BURDINE et al. v. LINQUIST.
(340 SE2d 198)

SOGNIER, Judge.

James Burdine, Wallace Adolph and their wives brought this action for damages against Edwin Linquist, d/b/a Journey's End Restaurant, Motel and Conference Center. Burdine and Adolph appeal from the trial court's grant of summary judgment in favor of Linquist.

Appellants obtained a room in appellee's motel and while moving their baggage, they were physically assaulted by an armed assailant who forced them into the room and robbed them.

Appellants contend the trial court erred by granting summary judgment in favor of appellee because questions of fact remain whether appellee should have foreseen the unprovoked attack and robbery. OCGA § 51-3-1 provides: "Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." As we stated in *McCoy v. Gay,* 165 Ga. App. 590, 591 (302 SE2d 130) (1983), "[u]nder this statute '[t]he true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm.' . . . '(O)ne is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule . . .' ' "It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence." Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." . . .' 'Knowledge by the owner or "occupier" or his employee of the dangerous condition created by a third person is a prerequisite to recovery under [OCGA § 51-3-1].' " (Citations omitted.)

In the case at bar, appellants argue that as a result of poor lighting, the area immediately outside the motel room where they were initially attacked was a "defective condition" subjecting them to unreasonable risk of harm from criminal activity. To meet their burden of showing appellee's knowledge of this allegedly defective condition, appellants offered evidence of several burglaries which had taken place in rooms at the motel approximately two weeks earlier. Appellee argues that the earlier burglaries cannot be used to show prior knowledge on its part because those crimes were against property only and, therefore, were not similar to the attack and robbery of appellants. We disagree. At least one of the incidents offered by appellants involved a burglary of one of appellee's motel rooms where the lighting immediately outside was dim. Admissibility of these incidents is not precluded solely because they all . . . involved crimes against property. " ' "(I)n order for a party to be held liable for negligence, it is

not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if in ordinary prudence he *might* have foreseen some injury would result from his act or omission and that consequences of a generally injurious nature might result." . . . [Cits.]' (Emphasis in original.) [Cit.]" *Bayshore Co. v. Pruitt*, 175 Ga. App. 679, 680 (1) (334 SE2d 213) (1985). Because at least one of the prior incidents of criminal activity was admissible and probative evidence of appellee's prior knowledge, there remains a question of fact for the jury on this issue and the trial court erred by granting summary judgment in favor of appellee. See *Bayshore*, supra at 680 (1, 2).

*Judgment reversed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED JANUARY 23, 1986.

*Johnnie C. Wages, Roy D. Petersen*, for appellants.
*David A. Handley, Thomas E. McCarter*, for appellee.