71276. ATLANTA CENTER LIMITED (A.B.V.I. CORPORATION)
v. COX et al.
(341 SE2d 15)

CARLEY, Judge.
 Appellee-plaintiffs Mr. and Mrs. Cox were registered guests of a hotel owned by appellant. During the early morning hours of January 1, 1983, appellee Mr. William Cox was assaulted and seriously injured in the hotel. The crime occurred as he and his wife left an elevator which had arrived at the floor of the hotel where their room was located. The assault on Mr. Cox had been preceded by an incident involving pushing and shoving of his wife, appellee Mrs. Virginia Cox, while they were in the elevator. The crime occurred notwithstanding the fact that appellant had provided mechanical security devices in its elevators and that its hotel was also manned by security personnel.
 Appellees filed the instant action, alleging appellant's negligence in failing to warn them of the presence of dangerous individuals in the hotel and in failing to provide adequate security in the hotel. Appellant answered, denying liability, and subsequently moved for summary judgment. The motion was denied, the trial court ruling that a genuine issue of fact remained as to the duty owed by appellant to its guests. The order was certified for immediate review. Appellant's application for interlocutory appeal was granted and the instant appeal results.
 Appellant contends that it is insulated from liability because the assault was an intervening unforeseeable criminal act. It is true that " 'one is not ordinarily charged with the duty of anticipating acts mala per se. . . .' " *Pittman v. Staples,* 95 Ga. App. 187, 191 (97 SE2d 630) (1957). " 'Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the interven-

[1] See generally Johnson, W. E., "Tort Liability in Ga. for the Criminal Acts of Another," 18 Ga. L. Rev. 361 (1984).

tion of an illegal act which is the proximate cause of the injury. [Cit.] "However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed." [Cit.]' [Cit.]" *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983).

It is important to the resolution of this case that it does *not* involve a factual situation wherein, at the time and place of the criminal occurrence, there was a *failure* to provide any security to hotel patrons. Compare *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755 (272 SE2d 592) (1980); *McCoy v. Gay*, supra; *Tolbert v. Captain Joe's Seafood*, 170 Ga. App. 26 (316 SE2d 11) (1984); *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258 (333 SE2d 98) (1985); *Washington Rd. Properties v. Stark*, 178 Ga. App. 180 (342 SE2d 327) (1986). In cases of that type, a showing that the defendant-landowner had prior "knowledge" that the presence of third persons had created a "dangerous condition" for his patrons on a portion of the premises would be necessary, in order to show the existence of even an initial duty on the part of the defendant to provide preventive security measures. Absent the defendant's prior knowledge of the alleged "dangerous condition," there would be no duty to protect patrons against it. See generally *Rhodes v. B. C. Moore & Sons*, 153 Ga. App. 106 (264 SE2d 500) (1980). Absent such a duty, the random unforeseeable criminal act would be the sole proximate cause of the patron's injury and insulate the defendant from liability for his alleged prior act of negligence. See generally *McCoy v. Gay*, supra; *Tolbert v. Captain Joe's Seafood*, supra.

In direct contrast, the evidence in the instant case shows that appellant *had* undertaken to provide security to its patrons using its elevators and hallways. Accordingly, even assuming that there might otherwise have been no initial duty to provide security to patrons such as appellees, appellant, having undertaken that very duty, was required to perform it in a non-negligent manner. See *Shirley Cloak &c. Co. v. Arnold*, 92 Ga. App. 885, 892 (90 SE2d 622) (1955); *Mixon v. Dobbs Houses*, 149 Ga. App. 481, 483-484 (254 SE2d 864) (1979); *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 755 (266 SE2d 531) (1980); *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 834-839 (331 SE2d 899) (1985). Thus, it is this duty undertaken by appellant to provide security which appellees assert was performed in a negligent manner. Compare *McCoy v. Gay*, supra. Construing the evidence most strongly against appellant and in favor of appellees, whether, under the existing circumstances, appellant was negligent in its performance of the duty of providing adequate security for its guests is not an issue which has been eliminated as a jury question. The mere fact that appellant had provided *some* form of security would not show, as a matter of law, that any issue as to its negligence

has been eliminated. Such security as appellant did provide would have to have been adequate and also have been utilized in a non-negligent manner. On the record before us, the adequacy and non-negligent utilization of appellant's security remain as jury issues. "Questions of negligence will not be decided by the court as a matter of law except in 'clear and indisputable' cases. [Cit.]" *Thompson v. Walker*, 162 Ga. App. 292, 293 (290 SE2d 490) (1982).

Thus, in view of remaining issue of fact as to appellant's negligence with regard to security, the only basis for the grant of summary judgment in favor of appellant would be that the intervening criminal act against Mr. Cox was unforeseeable and insulates it from liability. "[U]nder the circumstances of the instant case [this] would not be unlike [an assertion] that one who negligently inspects a malfunctioning burglar alarm system might not foresee that the probable result would be a successful burglary of the premises." *Evans Cabinet Corp. v. "Automatic" Sprinkler Corp.*, 167 Ga. App. 502, 506 (306 SE2d 750) (1983). Appellant was certainly aware that something untoward might befall its guests in its elevators and hallways insofar as it provided some form of ostensible security. Cf. *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). "The question of reasonable foreseeability and the statutory duty . . . , to exercise ordinary care to protect the plaintiff[s] in the circumstances of this case, is for a jury's determination rather than summary adjudication by the courts." *Lay v. Munford, Inc.*, supra at 341.

*Judgment affirmed. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 4, 1986.

*James T. McDonald, Jr., Rose C. Miller, Larry N. Hollington,* for appellant.
*Richard N. Hubert, Glen P. Hendrix,* for appellees.