## 74113. NALLE v. QUALITY INN, INC.
### (358 SE2d 281)

SOGNIER, Judge.

L. Paul Nalle brought suit against Quality Inn, Inc., to recover damages for injuries sustained when he was attacked and robbed while a hotel guest. The trial court granted summary judgment in favor of Quality Inn, Inc., and Nalle appeals.

Appellant contends the trial court erred by granting judgment to appellee as a matter of law because previous criminal incidents at the hotel were sufficiently similar to that suffered by appellant to put appellee on notice that a danger existed, thus creating a duty to protect

appellant.

It is uncontroverted that the provisions of OCGA § 51-3-1 govern this case. "Under this statute, '(t)he true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. [Cits.]' [Cit.]" *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). " '[O]ne is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule. . . .' " *Pittman v. Staples*, 95 Ga. App. 187, 191 (97 SE2d 630) (1957). The rule has been held inapplicable if the landowner had reasonable grounds for apprehending that such a criminal act would be committed. *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592) (1980).

The factual situation in *McCoy*, supra, was remarkably similar to that in the case sub judice. In both cases, appellant was attacked in the parking lot of a hotel. In both cases the hotel had hired security personnel who were on duty but elsewhere on the premises when the attack occurred. "The burden of proof was on appellant, as plaintiff, to demonstrate appellee's knowledge that the parking lot subjected invitees to the unreasonable risk of criminal attacks." *McCoy*, supra at 591. In both cases, appellant attempted to meet this burden by introducing evidence of prior crimes at the hotel. "While the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. [Cits.]" *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (3) (183 SE2d 231) (1971). Neither in *McCoy* nor in the case sub judice had the prior crimes taken place in that area of the hotel premises where the attack on appellant occurred. Thus, as in *McCoy*, "we hold that the evidence of [the prior crimes] at the Inn did not meet the 'similarity' requirement so as to constitute a sufficient showing of [appellee's] knowledge of the 'litigated' dangerous condition." *McCoy*, supra at 592-593. Thus, "[n]o evidence was admitted, or was proffered and improperly excluded, which would support a finding that [appellee] knew or should have known that the Inn's parking lot, as lighted and as periodically patrolled by the security guard, subjected the Inn's invitees to an unreasonable risk of sudden, unprovoked and unexpected criminal attack." Id. at 593-594. Since appellant failed to carry his burden, superior knowledge on the part of appellee was not shown, and appellee was therefore entitled to judgment in its favor as a matter of law.

Appellant also argues that even if its evidence of prior crimes was not sufficiently similar to impose a duty on appellee to provide security, appellee is liable to appellant because it nevertheless assumed

that duty and then discharged it in a negligent manner. Although appellant claims this argument is supported by the affidavit of William B. Dobbs, we are unable, despite a thorough and diligent search of the record, to locate such an affidavit. We are unable to say, from the record as it exists, that appellee undertook to secure the parking lot area where appellant was attacked, or how that duty was performed. In fact, George Ramirez, appellee's chief security officer, stated in his unrebutted affidavit that the principal function of the security officers was to guard the front desk. Appellant has thus shown neither assumption of a particular duty to secure that area, nor its negligent discharge. *Atlanta Center, Ltd. v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986) and *Burdine v. Linquist*, 177 Ga. App. 545 (340 SE2d 198) (1986), cited by appellant, are distinguished by their facts and therefore inapposite. In *Cox*, supra, the criminal attack occurred as the guests were exiting the hotel elevator, notwithstanding the hotel's installation of mechanical security devices which monitored the elevators. The installation of these devices indicated the hotel was aware that something untoward might befall its guests *at that location,* and consequently the question of whether the security provided was adequate and non-negligently performed remained for jury consideration. In *Burdine*, supra, at least one prior incident offered by the victims as evidence was sufficiently similar to be admissible for the purpose of showing that the hotel was, or should have been, aware of the dangerous condition created by the dim lighting immediately outside the guest room. In contrast, however, in the case at bar, as discussed above, there is no indication that the hotel was or should have been aware that its parking lot presented a particularly dangerous condition. Thus, even viewing the evidence in a light most favorable to appellant as the nonmovant, see *Butler v. Terminix Intl.*, 175 Ga. App. 816 (1) (334 SE2d 865) (1985), no genuine issues of fact remained, and appellee was entitled to judgment as a matter of law. We find the trial court did not err by granting summary judgment in appellee's favor.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but wish to describe the evidence which plaintiff presented of prior crimes which he says put the motel operator on notice and thus imposed a duty to protect the plaintiff guest.

There is evidence that the attack and robbery occurred about 12:15 a. m. on January 5, 1984, when plaintiff was drinking a cup of coffee while standing at the fence surrounding the pool. He had left his room for some fresh air and was attacked by two men who emerged from the bushes. The pool was at the rear of the motel prem-

ises. The security guards were in the front office at the time.

The evidence submitted to show that the operator had such knowledge that it should have anticipated criminal acts was a sheaf of police reports of twenty-five previous crimes on the motel's premises. All but one were in 1980, 1981, and 1982. The one on November 26, 1984, just more than a month preceding plaintiff's experience, was an alleged larceny of $100 from an envelope which a guest had deposited in the motel safe deposit box at the front desk.

Among the others there were two stolen autos, three thefts of personal items from vehicles, one burglary and one other theft from the restaurant and kitchen when unoccupied, six incidents in which televisions were stolen from guest rooms, five room burglaries where guests' personal belongings were taken, two thefts from the motel office, larceny of twelve fire extinguishers from twelve different locations on the premises, one incident which cannot be deciphered from even the original evidence, and what appears to be two armed robberies in the front office. The latter two, which are the only two involving personal confrontation, occurred in November 1982.

All of these crimes share with the current incident the factors of nighttime occurrence and the perpetrators' goal of obtaining personal property. However, the incidents are too remote in time to cast on defendant a reasonable apprehension of a criminal act on a guest in January 1984. In addition, all of them except the theft of fire extinguishers involved crimes from locked places, such as rooms and vehicles, or were in the lobby, where the security guards were on this occasion. None involved an attack on a patron out in the open, nor an attack on a patron's person in the first place.

Thus this case differs from the leading case of *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975), because as a matter of law the evidence offered to prove reasonable foreseeability is irrelevant. Without it, defendant could not be charged with the duty of anticipating a crime against plaintiff. Cf. *Washington Rd. Properties v. Stark*, 178 Ga. App. 180 (342 SE2d 327) (1986).

DECIDED MAY 28, 1987.

*James D. McGuire, Mark Harper*, for appellant.
*Glenn S. Bass, Stephen L. Goldner*, for appellee.