A89A1130, A89A1191. COOPER v. BALDWIN COUNTY SCHOOL DISTRICT; and vice versa.

(386 SE2d 896)

CARLEY, Chief Judge.

While she was a student enrolled in appellee-defendant Baldwin County School District, appellant-plaintiff became involved in a fight at high school and was stabbed by another student. Appellant filed suit against appellee, seeking to recover for her personal injuries. Appellee answered, denying any negligence and raising, among its other defenses, sovereign immunity. Finding that appellee's liability insurance provided coverage, the trial court denied appellee's motion for summary judgment and granted appellant's motion for partial summary judgment on the issue of sovereign immunity. The case was tried before a jury. At the close of appellant's evidence, the trial court granted appellee's motion for directed verdict. In Case Number A89A1130, appellant appeals from the judgment entered on this directed verdict. In Case Number A89A1191, appellee cross-appeals from the denial of its motion for summary judgment and the grant of appellant's motion for partial summary judgment as to the issue of sovereign immunity.

*Case No. A89A1130*

1. In granting the motion for directed verdict, the trial court concluded that there was no evidence to authorize a finding that appellee had breached a duty owed to appellant to protect her from the attack. Appellant enumerates as error this conclusion and the directed verdict which was premised upon it.

Construed most favorably to appellant, the evidence reveals the following: Appellant, who was 17 years old, was stabbed three times while in the courtyard of the high school shortly before classes were to begin. The courtyard was a high-visibility but low-traffic area. A guidance counselor was assigned to monitor a position near the courtyard from 8:00 a.m. to 8:10 a.m. At the time of the fight, however, the guidance counselor had returned to her office, from which she could see the courtyard. When the guidance counselor looked up from her desk, she originally saw some bodily contact between appellant and another girl, but thought that the two were merely playing. When she looked up again, she saw blood and went immediately to the courtyard.

A school "assume[s] to some extent a parent's duty to care for his child while educating him and to shield and protect such child from injury. While a child of 17 is presumptively considered to be chargeable with the same degree of diligence for his own safety as an adult ([cits.]), nevertheless, this does not relieve the defendant . . . from its

duty of exercising ordinary care for the safety of its pupils from defects in the premises or from dangerous activities in which other pupils are engaged under the defendant's supervision. [Cit.]" *Marques v. Riverside Military Academy*, 87 Ga. App. 370, 373 (73 SE2d 574) (1952). Appellant attempted to show that appellee had a duty to protect her from injury and had breached that duty by introducing evidence of the occurrence of prior fights at the school. However, appellant introduced no evidence of the occurrence of any other fights in the courtyard of the school. " 'While the relevancy of other occurrences is ordinarily within the sound discretion of the court, "it is necessary that the conditions of the things compared be substantially similar." [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. (Cits.)' [Cit.]" *Nalle v. Quality Inn*, 183 Ga. App. 119, 120 (358 SE2d 281) (1987). See also *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258, 260 (2) (333 SE2d 98) (1985). To establish the existence of a dangerous condition at one place, it is generally not permissible to show conditions at other places. *McCoy v. Gay*, 165 Ga. App. 590, 592 (302 SE2d 130) (1983). See also *Arnold v. Athens Newspapers*, 173 Ga. App. 735, 738 (1) (327 SE2d 845) (1985). Appellant, in fact, introduced no evidence as to the specific location of any other fight which had occurred on the school grounds. "Thus, '(n)o evidence was admitted, or was proffered and improperly excluded, which would support a finding that (appellee) knew or should have known that the [school's courtyard] . . . subjected the [students] to an unreasonable risk of sudden, unprovoked and unexpected criminal attack.' [Cit.]" *Nalle v. Quality Inn*, supra at 120.

Several cases cited and relied upon by appellant are distinguishable in that they involved isolated or dark locations or inherently dangerous school activities. Moreover, there was no testimony that knives had actually been used in any previous fights on school grounds, or that there was any particular profile of students who were likely to fight. In the absence of prior similar acts, evidence as to any periodic patrol of the courtyard area or similar precaution otherwise normally undertaken by a school does not indicate that appellee was or should have been aware that the courtyard was a particularly dangerous location so as to require that appellee guard against and prevent a possible attack upon one of its students by a knife-wielding fellow student at that location. See *Nalle v. Quality Inn*, supra at 121; *Fowler v. Robertson*, 178 Ga. App. 703 (344 SE2d 425) (1986). Compare *Atlanta Center v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986); *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975).

The evidence would not authorize a finding that appellee breached a duty owed to appellant to protect her from the attack in

the school courtyard. "Since appellant failed to carry [her] burden, superior knowledge on the part of appellee was not shown, and appellee was therefore entitled to judgment in its favor as a matter of law." *Nalle v. Quality Inn,* supra at 120.

2. If, as we have held, there was no breach of a duty to guard against and prevent the attack, appellant urges that a jury issue nevertheless remains as to whether appellee was negligent in its response to the attack after receiving actual notice of its occurrence.

Appellant's testimony that the fight lasted four to five minutes does not indicate when it was that appellee received actual notice of its occurrence. The only evidence of actual notice is the guidance counselor's testimony that, when she first saw blood, she immediately went to the courtyard. Her testimony shows that the fight was broken up two to three minutes after she first saw it. Thus, there is no evidence that appellee became aware of the fight in sufficient time to prevent additional injury to appellant. See *Belk-Hudson Co. v. Davis,* 132 Ga. App. 237, 239 (1b) (207 SE2d 528) (1974). "This is not a case where the defendant-appellee was aware of a 'dangerous condition' created by other invitees and chose to do nothing about it. [Cits.]" *Bowling v. Janmar, Inc.,* 142 Ga. App. 53, 54 (234 SE2d 849) (1977). Instead, the guidance counselor took immediate action upon actual notice that a fight was occurring. As a matter of law, she was not negligent in delaying her response, because there is no evidence of any such delay. See *Veterans Organization of Fort Oglethorpe v. Potter,* 111 Ga. App. 201, 206 (2) (141 SE2d 230) (1965).

## Case No. A89A1191

3. Having held that the trial court correctly granted appellee's motion for a directed verdict, any error in the denial of appellee's motion for summary judgment and the grant of appellant's motion for partial summary judgment as to the issue of sovereign immunity is moot. Therefore, appellee's cross-appeal is dismissed.

*Judgment affirmed in Case No. A89A1130. Appeal dismissed in Case No. A89A1191. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 25, 1989.

*Jones & Geeter, Shane M. Geeter,* for appellant.
*Milton F. Gardner,* for appellee.